# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CLARENCE EDWARD SCHEEL**                                                                       **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:09CV00319HSO-JMR**

**SHERIFF DAVID ALLISON**                                                                  **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [26] of Chief United States Magistrate Judge John M. Roper, recommending that the Motion [18] of Defendant Sheriff David Allison to Dismiss, or in the Alternative for Summary Judgment and Qualified Immunity, be granted. Plaintiff has filed neither a response to the Motion to Dismiss, nor an objection to the Magistrate Judge's Report and Recommendation.[1] Where a party fails to file specific objections to a magistrate judge's report and recommendation, the district court reviews the report and recommendation for findings and conclusions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff filed his *pro se* Complaint against Defendant pursuant to 42 U.S.C. § 1983, for alleged violations of his civil rights while being held as a pretrial detainee in the Pearl River County Jail ["PRCJ"]. *See* Pl.'s Compl. [1]. Plaintiff contended

---

[1] The Report and Recommendation was returned as undeliverable. *See* Docket Entry [27]. Plaintiff has been cautioned that failure to advise the Court of a change in address would be deemed a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed sua sponte. *See* Order [3]; s*ee also* Order [6].

that he was subjected to unconstitutional conditions of confinement and denied adequate medical treatment during his detention at the PRCJ. Defendant moved to dismiss Plaintiff's claims, or in the alternative for Summary Judgment, on grounds that Plaintiff failed to exhaust administrative remedies, that he failed to assert viable § 1983 claims against Defendant in either his individual or official capacity, and finally, that to the extent Plaintiff alleged state law claims, those claims are barred pursuant to the MTCA. The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA. However, the Magistrate Judge addressed Plaintiff's substantive claims against Defendant.

The Magistrate Judge found that Plaintiff's claims against Defendant in his official capacity were insufficient to support the existence of a policy or custom which was the moving force behind any alleged constitutional violation. The Magistrate Judge further found that Defendant, in his individual capacity, was entitled to qualified immunity, because Plaintiff failed to create a genuine issue of material fact as to whether the conditions of his confinement were imposed as a form of punishment. With respect to Plaintiff's individual capacity claims against Defendant concerning episodic acts or omissions, the Magistrate Judge found that Plaintiff did not present any evidence sufficient to allege a violation of a clearly established constitutional right or any unreasonable conduct on the part of Defendant. Therefore, Defendant was entitled to qualified immunity. Finally, the Magistrate Judge concluded that, because Plaintiff was an inmate at the time the alleged events occurred, any claims arising under Mississippi law are barred by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1.

No objections having been filed, and based on the record before this Court, the undersigned finds that the Magistrate Judge's findings were not clearly erroneous, nor were his conclusions contrary to law. After referral of hearing by this Court, and having fully reviewed the Report and Recommendation [26], the relevant law, and the record in this matter, and being fully advised in the premises, the Court finds that the Report and Recommendation [26] of Chief Magistrate Judge John M. Roper, should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [26] of Chief Magistrate Judge John M. Roper should be and hereby is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [18] of Defendant Sheriff David Alison to Dismiss, or in the alternative for Summary Judgment and Qualified Immunity, should be, and hereby is, **GRANTED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE